**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CHESTER W. PEAK, et al.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | Case No. 12-1251-JAR |
| **CENTRAL TANK COATINGS, INC.** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Plaintiffs Chester Peak, by and through his next friend and guardian, Gina Peak, Donald "Rex" Lowe, Justin D. Gibson, Justin T. Ehm, Danial A. Johnson, Nathan W. Roth and City of Kirwin, Kansas filed this personal injury and property damage action against Defendant Central Tank Coatings, Inc., seeking compensatory and punitive damages, alleging negligence, strict liability, negligent hiring, training, and retention and willful and wanton conduct. Plaintiff Chester Peak also seeks damages for loss of consortium. This case comes before the Court on Defendant's Motion for Summary Judgment (Doc. 90) and Plaintiffs' Motion for Summary Judgment (Doc. 92). The motions are fully briefed and the Court is prepared to rule. For the reasons stated below, the Court **grants** Defendant's motion and **denies** Plaintiffs' cross-motion.

**I.      Uncontroverted Facts**

The following facts are either uncontroverted, stipulated to, or viewed in a light most favorable to the nonmoving party. Plaintiffs Peak, Lowe, Gibson, Ehm, Johnson and Roth were volunteer firefighters (the "Firefighters") for the Kirwin Volunteer Fire Department. Defendant contracted with the City of Kirwin (the "City") to repair and repaint the City's water tower. Defendant assigned a group of workmen to perform the job on the water tower.

When the workmen arrived to perform the job, they brought Defendant's tractor trailer on site. A stack of paint thinner was located directly behind the trailer that had warning signs labeled, "Flammable Liquid." There was also a container box mounted on Defendant's trailer with various tools, paint thinner, and an oxygen/acetylene tank. The container box was not labeled with any signs or warnings as to its contents.

On July 13, 2010, the workmen worked on the roof of the water tower between 1:00 p.m. and 3:00 p.m. The workmen remained on the scene until 5:00 p.m. to weld new pieces for the roof of the water tower. At the time the workmen left the job site, they had not observed any fire or smoke. At 6:55 p.m. after two witnesses saw smoke coming from the roof of the water tower, they called for emergency assistance and the Firefighters were dispatched to the site. When the Firefighters arrived, the rear tires of the trailer were on fire and charred wooden materials appeared to have fallen from the water tower to the ground.

The Firefighters focused their efforts on extinguishing the trailer fire. Some Firefighters observed the stack of paint thinner with warning labels indicating that they contained flammable materials. Lowe had discussions with Johnson and Roth about the contents of the container box, which was padlocked. Lowe explained to Johnson and Roth that they should not cut the lock off of the container box because either the interior of the box could be ablaze, or opening the box could release heat and ignite a fire.

In the same area as the trailer, Roth observed the torch hoses and assumed they were connected to an oxygen/acetylene tank inside the container. Ehm knew that oxygen and acetylene combined could create an explosion and the presence of the hoses concerned him and Roth. Ehm stated that if he had seen the hoses prior to spraying the tires, he would have allowed

the fire to burn out instead of extinguishing it. Gibson and Johnson did not recall seeing the torch hoses or warning labels.

The paint thinner buckets labeled as flammable and torch hoses connected to the container box prompted Larry Stones,[1] another responding firefighter, to call Defendant's workmen to inquire about the contents of the container. Stones was unable to reach the workmen via telephone and Roth told the other Firefighters, excluding Peak who was not nearby, to back away from the trailer because they needed to determine whether there were any hazards associated with the container.

As the Firefighters retreated from the trailer, the container box exploded, injuring Peak and damaging the fire truck. Investigation reports from the Kansas State Fire Marshal and Federal Bureau of Alcohol, Tobacco, Firearms, and Explosives concluded that the wood members of the roof of the water tower fell to the ground, igniting combustibles and the tires on the trailer. The reports also revealed that the paint thinner inside the container box likely provided the fuel for the explosion.

**II.     Standard**

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.[2] In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.[3] "There is no genuine issue of material fact

---

[1] Stones is not a party to this action.

[2] Fed. R. Civ. P. 56(a); *see also Grynberg v. Total*, 538 F.3d 1336, 1346 (10th Cir. 2008).

[3] *City of Harriman v. Bell*, 590 F.3d 1176, 1181 (10th Cir. 2010).

unless the evidence, construed in the light most favorable to the nonmoving party, is such that a reasonable jury could return a verdict for the nonmoving party."[4]  A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim."[5]  An issue of fact is "genuine" if "'the evidence is such that a reasonable jury could return a verdict for the non-moving party.'"[6]

The moving party initially must show the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[7]  In attempting to meet this standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.[8]

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[9]  The nonmoving party may not simply rest upon its pleadings to satisfy its burden.[10]  Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a

---

[4] *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

[5] *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[6] *Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[7] *Spaulding v. United Trasp. Union*, 279 F.3d 901, 904 (10th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

[8] *Adams v. Am. Guar. & Liab. Ins. Co.,* 233 F.3d 1242, 1246 (10th Cir. 2000) (citing *Adler*, 144 F.3d at 671); *see also Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010).

[9] *Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 324; *Spaulding*, 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

[10] *Anderson*, 477 U.S. at 256; *accord Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1017 (10th Cir. 2001).

rational trier of fact could find for the nonmovant."[11] To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein."[12] Rule 56(c)(4) provides that opposing affidavits must be made on personal knowledge and shall set forth such facts as would be admissible in evidence.[13] The non-moving party cannot avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation.[14]

Defendant has the burden of proof on the affirmative defenses, and thus in moving for summary judgment on the affirmative defense, "[t]he defendant . . . must demonstrate that no disputed material fact exists regarding the affirmative defense asserted."[15] Once the defendant makes this initial showing, "the plaintiff must then demonstrate with specificity the existence of a disputed material fact."[16] If the plaintiff cannot meet this burden, "the affirmative defense bars [the] claim, and the defendant is then entitled to summary judgment as a matter of law."[17]

"Where, as here, the parties file cross motions for summary judgment, [the Court is] entitled to assume that no evidence needs to be considered other than that filed by the parties, but

---

[11]*Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197–98 (10th Cir. 2000) (quoting *Adler*, 144 F.3d at 671); *see Kannady*, 590 F.3d at 1169.

[12]*Adams*, 233 F.3d at 1246.

[13]Fed. R. Civ. P. 56(c)(4).

[14]*Id.*; *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006) (citation omitted).

[15]*Hutchinson v. Pfeil,* 105 F.3d 562, 564 (10th Cir.1997).

[16] *Id.*

[17]*Id.*

summary judgment is nevertheless inappropriate if disputes remain as to material facts."[18]  Cross motions should be considered separately.[19]  Just because the Court denies one does not require that it grant the other.[20]

Finally, summary judgment is not a "disfavored procedural shortcut;" on the contrary, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[21]  In responding to a motion for summary judgment, "a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial."[22]

## III. Discussion

Defendant moves for summary judgment on its affirmative defense that all of Plaintiffs' claims are barred by the Fireman's Rule.  Conversely, Plaintiffs argue in their cross-motion that the Fireman's Rule does not apply to this action.  The Court finds that Defendant is entitled to summary judgment because the Fireman's Rule precludes Plaintiffs' claims in their entirety.

Because the case arises under diversity jurisdiction, the "court's task is not to reach its own judgment regarding the substance of the common law, but simply to ascertain and apply the state law," which in this case is the law of Kansas.[23]

---

[18] *James Barlow Family Ltd. P'ship v. David M. Munson, Inc.*, 132 F.3d 1316, 1319 (10th Cir. 1997) (citation omitted).

[19] *Ultra Clean Holdings, Inc. v. TFG-Cal., L.P.*, 534 F. App'x 776, 780 (10th Cir. 2013) (quoting *Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979)).

[20] *Id.*

[21] *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

[22] *Conaway v. Smith,* 853 F.2d 789, 794 (10th Cir. 1988).

[23] *Wade v. Emcasco Ins. Co.*, 483 F.3d 657, 665 (10th Cir. 2007) (internal citations and quotations omitted).

In *Calvert v. Garvey Elevators, Inc.*,[24] the Kansas Supreme Court recited the Fireman's Rule as follows:

> a fire fighter cannot recover for injuries caused by the very wrong that initially required his presence in an official capacity and subjected the fire fighter to harm; that public policy precludes recovery against an individual whose negligence created a need for the presence of the fire fighter at the scene in his professional capacity.[25]

Moreover, "[a] fire fighter only assumes hazards which are known and can be reasonably anticipated at the site of the fire and are a part of fire fighting."[26] The Fireman's Rule is based upon the public policy rationale that the risks and costs of injury to firemen should be spread among the public as whole rather than private individuals.[27]

Here, Defendant has established that the Fireman's Rule precludes recovery for its alleged role in causing the fire that injured Plaintiffs. It is undisputed that Defendant owned the trailer and the container box involved in the fire and subsequent explosion. Plaintiffs have not alleged that any parties, other than Defendant, were responsible for the fire. Plaintiffs cannot recover from Defendant for Defendant's alleged liability in creating the risk that necessitated their presence at the water tower construction site. Accordingly, the Court finds that the Fireman's Rule is applicable.

Still, Plaintiffs contend that exceptions to application of the Fireman's Rule apply. The Fireman's Rule does not apply to injuries caused by: (1) negligence or intentional acts by a third

---

[24] 694 P.2d 433, 438 (Kan. 1985).

[25] *Id.*

[26] *Id.* at 439.

[27] *Id.* at 438.

7

party, (2) individuals who fail to warn of known, hidden dangers or misrepresent the extent of hazard on their premises , or (3) misconduct or negligence by the individual responsible for the fire subsequent to the fireman's arrival on the scene.[28]  The Court will address each exception in turn.

Plaintiffs argue that Defendant is a negligent third party, while also alleging that Defendant caused the fire and explosion necessitating the Firefighters' presence.  At the heart of the Fireman's Rule, is the protection of individuals who played the initial role in causing the fire.  Plaintiff misunderstands what constitutes third parties under the Fireman's Rule.  For purposes of applying the Fireman's Rule, parties whose conduct is *not* alleged to have negligently caused the fire are third parties.  Accordingly, the Court finds that Defendant is not a negligent third party.

Relying on *McKernan v. General Motors Corp.*,[29] Plaintiffs assert that the Fireman's Rule is a defense only available to owners and occupiers of land, and as such, non-owners/occupiers should be treated as third parties.  The Court disagrees.  First, while the *McKernan* court, relying on *Calvert*, explained that the Fireman's Rule was a defense for owners and occupiers of land, it did not hold that it was exclusively limited to owners and occupiers of land.[30]  Nor did the *Calvert* court hold that the Fireman's Rule was exclusively available to owners and occupiers of land.  In its discussion of owners and occupiers, the *Calvert* court simply explained that negligence was a theory of recovery that firemen often asserted against

---

[28]*Id.* at 438–39.

[29]3 P.3d 1261, 1267 (Kan. 2000).

[30]Id. at 1264–65.

owners and occupiers.[31] In any event, the *Calvert* court adopted the Fireman's Rule on a public policy basis and specifically rejected its application on a premises liability basis.[32] In this action, public policy would also encourage those who may not be owners and occupiers of land but have some other interest, property or otherwise, to contact the fire department to extinguish a fire caused by their misconduct or negligence.[33] Here, Defendant, if not the owner or occupier of the land, owned the trailer and container box. Moreover, a non-owner/possessor under contract is subject to the same liability as the one who possesses the land.[34]

*McKernan*, unlike this case, was a products liability action against a party whose negligence *did not* lead to the firemen's presence, thus taking the defendant outside the protection of the Fireman's Rule as it was originally articulated by the *Calvert* court.[35] The *McKernan* court also considered public policy in its decision to not apply the Fireman's Rule to products liability actions, reasoning that allowing products liability claims to proceed against a party whose negligence did not create the need for the fireman at the scene encourages those in the manufacturing chain to put forth products that are not defective nor injurious to the public.[36]

---

[31] 694 P.2d at 436.

[32] *Id*. at 439.

[33] *See Buck v. B&W, Inc.*, No. 98-2405-GTV, 1999 WL 1007682 at *2 (D. Kan. Sept. 22, 1999) (applying Kansas law in holding that the Fireman's Rule was applicable and reasoning that the public "should be confident that[,] in requesting the assistance of law enforcement officers to aid in situations where their own negligence has created a threat to public safety, they will not be held liable for injuries caused to the law enforcement officers"); *Bycom Corp. v. White*, 371 S.E.2d 233, 236 (Ga. Ct. App. 1988) (holding that the Fireman's Rule precluded recovery from a corporation whose workman's alleged negligence created a gas pipeline rupture on property owned by another and injured a fireman).

[34] *Lemon v. Busey*, 461 P.2d 145, 152 (Kan 1969).

[35] 3 P.3d at 1267.

[36] *Id.* at 1267.

Plaintiffs next argue that Defendant failed to warn of any hidden and known dangers. But, surely the labels on the paint thinner cans, the very agent that investigations revealed likely caused the explosion injuring the Firefighters, warned that there were flammable materials on site. Indeed, Roth stated that the combination of the paint thinner with warning labels and torch hoses with potentially explosive contents, prompted Stones to call Defendant's workmen. Although Stones was unsuccessful in reaching the workmen before the explosion occurred, Roth and other Firefighters were concerned enough about the contents of the container box to discuss their concerns with each other and eventually follow Roth's direction to retreat. Even if some of the Firefighters had not read the warning labels and were not privy to the discussions about the container box, it was the duty of the Kirwin Volunteer Fire Department—not Defendant—to impart its knowledge of any potential dangerous conditions to its employees.[37] Therefore, the Court finds that Plaintiff did not fail to warn of any hidden and known dangers.

Plaintiffs also allege that Defendant acted negligently subsequent to the arrival of the Firefighters. Plaintiffs attempt to separate the fire into two events by claiming that the very wrong that initially required the Firefighters presence was the fire on the water tower. Plaintiffs argue that the fire on the trailer is an exception to application of the Fireman's Rule because it constitutes a separate and subsequent act of misconduct after their arrival on the scene. Plaintiffs' assertion is not supported by the record. For the party who caused the fire, the Fireman's Rule does not distinguish between negligent conduct that caused a fire where the

---

[37]*See Briones v. Mobil Oil Corp.*, 501 N.E.2d 821, 824 (Ill. Ct. App. 1986) (holding that where fire chief had knowledge of dangerous conditions, it was the duty of the fire department to warn its employees of those dangerous conditions because Defendant had no duty to the firemen as a non-employer).

conduct is not independent of the risk that caused a fireman's presence at the scene.[38] The investigatory reports explain that the fire started in the water tower and likely spread to the trailer after pieces of the tower fell to the ground.  The workmen had left the site over two hours prior to the Firefighter's arrival on the scene and even after the Firefighters attempted to contact the workmen, they were unable to speak with them.  There was no separate or intervening act by Defendant that caused the fire to spread.  Accordingly, the Court finds that Defendant did not act negligently subsequent to the Firefighters' arrival.

Finally, to the extent that Plaintiff argues that the Fireman's Rule can only be applied to its negligence claims, the Court also disagrees.  Kansas courts have not had the occasion to resolve whether the Fireman's Rule only applies to negligence claims.  This Court must look to the rulings of the state's highest court and, where no controlling state decision exists, it must endeavor to predict how the state's highest court would rule.[39]  The Court should consider analogous decisions by the state supreme court, decisions of lower courts in the state, decisions of federal and other state courts, and the general weight and trend of authority.[40]  Ultimately, the Court's task is to predict what decision the Kansas Supreme Court would make if faced with the same facts and issue.[41]

The Court finds that the Kansas Supreme Court would find that the Fireman's Rule is a

---

[38]*Flowers v. Rock Creek Terrace Ltd. P'ship*, 520 A.2d 361, 370 (Md. Ct. App. 1987) (applying the Fireman's Rule and finding that plaintiff's claims related to inadequate hiring and supervision of employees and failure to maintain security equipment are not independent acts of misconduct for purposes of applying the Fireman's Rule because the claims were based on the same alleged misconduct–causing or failing to prevent the fire).

[39]*Wade v. Emcasco Ins. Co.*, 483 F.3d 657, 665 (10th Cir. 2007).

[40]*MidAmerica Constr. Mgmt., Inc. v. MasTec N. Am., Inc.*, 436 F.3d 1257, 1262 (10th Cir. 2006).

[41]*Oliveros v. Mitchell*, 449 F.3d 1091, 1093 (10th Cir. 2006).

complete bar to all of Plaintiffs' claims. Excluding simple negligence, Plaintiffs assert three other theories of recovery: strict liability, negligent hiring, and willful, wanton, and/or reckless misconduct.[42] The degree of culpability of the person who created the hazard necessitating the firemen's presence is immaterial to application of the Fireman's Rule.[43] Therefore, whether Plaintiffs' claims sound in negligence, strict liability or willful misconduct is immaterial because the "initial wrong" that brought the Firefighters to the site is identical for all of Plaintiffs' claims and thus bars recovery under the Fireman's Rule. Whether the claims are for personal injury or property damage is also immaterial because the "initial wrong" that brought the Firefighters to the fire was identical for all claims.[44] Accordingly, the Fireman's Rule applies to all of Plaintiffs' claims. The Court therefore denies summary judgment to Plaintiffs and grants summary judgment in favor of Defendant.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Summary Judgment (Doc. 90) is **GRANTED** and Plaintiffs' Motion for Summary Judgment (Doc. 92) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is hereby dismissed in its entirety.

---

[42]In addition to negligence, Plaintiff also asserted a claim for *res ipsa loquitur* which is simply an evidentiary doctrine for proving negligence. Therefore, *res ipsa loquitur* cannot stand as a claim for recovery separate from negligence.

[43]*See e.g., Flowers*, 520 A.2d at 370 (holding that Fireman's Rule bars recovery for negligence and strict liability claims); *Baker v. Super. Ct.*, 129 Cal. App. 3d 710, 713, 722 (Cal. Ct. App. 1982) (holding that Fireman's Rule bars recovery for compensatory and punitive damages and loss of consortium in an action based on negligence, negligence per se, and willful misconduct); *Young v. Sherwin-Williams Co.*, 569 A.2d 1173, 1179 (D.C. Ct. App. 1989) (holding that Fireman's Rule bars claims against an employer for negligently hiring employee that caused the firefighter's presence).

[44] *See, e.g., Syracuse Rural Fire Dist. v. Pletan*, 577 N.W.2d 527, 533 (Neb. 1998) (holding that breach of contract did not apply to city's claim for the cost of a fire truck and Fireman's Rule bars a city's claims for negligence against landowner to recover the cost of a fire truck); *see also Virginia v. Millsaps*, 352 S.E.2d 311, 315 (Va. 1987) (holding that in applying the Fireman's rule, there is "no logical basis for a distinction between damage to public property and injuries to police officers").

**IT IS SO ORDERED.**

Dated: July 9, 2014

                                                S/ Julie A. Robinson

                                                JULIE A. ROBINSON

                                                UNITED STATES DISTRICT JUDGE